[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: March 6, 1992 Date of Application: March 6, 1992 Date Application Filed: March 6, 1992 Date of Decision: September 24, 1996
 Application for review of sentence imposed by the Superior Court, Judicial District of Fairfield, Docket No. CR91-60176.
Auden Grogins, Esq., Defense Counsel, for Petitioner
Cornelius Kelly, Esq., Assistant State's Attorney, for the State
BY THE DIVISION:
After trial by jury, petitioner was convicted of possession of narcotics with intent to sell in violation of General Statutes § 21a-278 (b) and conspiracy to violate the state dependency producing drug law in violation of §§ 21a-278 (b); 21a-277
(a); 21a-279 (a); 21a-267 (a); and § 53a-48. As a result of such conviction, concurrent sentences of fourteen years were imposed for each count. The total effective sentence was fourteen years.
The facts underlying petitioner's conviction are as follows. On January 18, 1991, the Bridgeport Police Department executed a search and seizure warrant on a building at Father Panik Village. A considerable amount of crack cocaine was found in the apartment and evidence indicated that it belonged to petitioner. Search of residences on Sheridan Street and Trowel Street indicated business cards using petitioner's aliases with a 900 phone number affixed to it. Other indications of drug commerce were discovered. A box which petitioner admitted owning and containing $5,000 in cash was also seized.
Although petitioner denied his involvement, the jury rendered its verdict of guilty on the basis of the above evidence.
Petitioner's attorney requested a reduction in sentence. She CT Page 5433-DDDD stated that petitioner's upbringing was flawed in that he had no suitable male role model. The attorney also stressed that petitioner was a skilled worker who had a good employment record. She also stated that petitioner was devoted to his children and supported them to the extent that he was able.
Cocaine addiction was petitioner's downfall according to his attorney. It was argued that all of his criminal activity arose out of petitioner's drug problem.
Considering all of these factors, the attorney argued that the sentence was excessive and should be reduced. Speaking, on his own behalf, petitioner agreed with the statements of his attorney. He also stressed his devotion to his children.
Petitioner accepted responsibility for his prior actions and stated that he now had seen the error of his ways and would act differently in the future. The present indication of his future conduct, however, cannot be considered by the Division.
The state's attorney argued against any reduction in sentence. He pointed out petitioner's serious criminal record which included several assault convictions. The attorney also agreed that petitioner had talent for skilled employment but had chosen to devote his life to criminal activities. The attorney argued that the sentence was fair when all of the facts were considered.
The experienced judge who heard the evidence and had the opportunity to observe petitioner during the course of the trial concluded that petitioner was heavily involved in the preparation of narcotics and the selling of drugs on a large scale. The judge also concluded that there was no indication of petitioner changing his ways.
Considering all of the factors involved here, particularly petitioner's prior criminal record and the seriousness of the offenses involved here, it cannot be found that the sentence was inappropriate disproportionate.
Sentence affirmed.
Purtill, J.
Klaczak, J.
Norko, J.
Purtill, J., Klaczak, J. and Norko, J. participated in this decision. CT Page 5433-EEEE